UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                  Plaintiff,

                                                                         ORDER

                                                                        01-CR-6072L

                                      v.

JAMES SUTTON,

                                                  Defendant.
_____

       Defendant, James Sutton ("Sutton"), appeared for his initial appearance on May 31, 2012. A petition alleging a violation of supervised release was filed on May 14, 2012. The allegation is that Sutton violated supervised release by committing a crime, criminal possession of a weapon and reckless endangerment relating to his alleged firing of a handgun at a vehicle in the City of Rochester, New York. Sutton was arrested on state charges and was detained there for a period but is now released from state custody since the matter has been referred to a state grand jury. The attorneys had advised the Court that the matter is to be presented to a state grand jury on September 19, 2012.

       Once Sutton was released from state custody, his counsel in federal court moved for a hearing to consider releasing Sutton. The parties appeared on August 29, 2012, and presented arguments for and against the release of Sutton. Thereafter, I received a letter dated August 29, 2012, from the Government and another dated August 31, 2012, which contained a deposition from the alleged victim of the shooting. The Court also received a letter dated September 5, 2012, from defense counsel, with attachments.

I deny defendant's motion for release. Defendant has been charged with a most serious crime, shooting a handgun at occupants of a motor vehicle. Sutton claims that his accuser has motivation to fabricate. Apparently Sutton and the victim have had a prior history of disputes. Nevertheless, at this time, I believe detention is warranted. Unlike release issues prior to trial, there is a presumption for detention on a supervised release violation. The burden is on the defendant to establish by clear and convincing evidence that he will not flee or pose a danger to the community (FED. R. CRIM. P. 32.1(a)(6)). At this stage, Sutton has failed to carry that burden and, therefore, he shall be detained.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 6, 2012.